**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Orlando G. VILLALTA, Defendant-Appellee.**

**No. 81–3096.**

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1981.

Rehearing and Rehearing En Banc Denied Jan. 6, 1982.

W. Glenn Burns, Michael Schatzow, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellant.

Jerry L. Jones, Monroe, La., for defendant-appellee.

Before AINSWORTH, GARZA and RANDALL, Circuit Judges.

PER CURIAM:

Orlando G. Villalta and Beau A. Hemenway, Villalta's nephew, were charged in an indictment with conspiracy to acquire firearms, as defined by 26 U.S.C. § 5845, without complying with the provisions relating to the transfer of such firearms set forth in 26 U.S.C. § 5812(b). As a result of pre-trial negotiations, the co-defendant Hemenway was placed on thirty-six months active probation pursuant to a pre-trial diversion plan which provided that Hemenway was to cooperate completely and truthfully in this case.

Villalta is a native of Nicaragua and is Spanish speaking. Hemenway speaks some Spanish and was involved in negotiations for the purchase of the firearms. During several conversations with undercover operatives of the Jefferson Parish Sheriff's office and the Bureau of Alcohol, Tobacco and Firearms, Hemenway acted as the interpreter between the agents and Villalta. Two of these conversations were recorded and independently translated by personnel of the Bureau of Alcohol, Tobacco and Firearms.

In view of the anticipated testimony of Hemenway, the district court held a hearing relating to the ability of Hemenway to translate Spanish into English. Three tests were given to Hemenway, and a court appointed interpreter, recognized as an expert in simultaneous interpretation, expressed the following opinion as to Hemenway's ability to translate:

> I think that he would be able to manage quite fine in conversation that would be either among people of a very low level of education, in the sense that he seems to have learned Spanish with very uneducated Cubans or to have gone to school and have learned it in a very partial fashion. That would be my evaluation. So that in a speeded up conversation he would have only to—he could only translate partially and block out certain parts, or knowing what was going on could help him give the essence of what he was—of what was going on, but by no means give the full contents of what was going on. (R.V. 2-50).

On February 3, 1981, the district court issued its ruling to the effect that "Mr. Hemenway's testimony as to situations in which he depended upon his knowledge of Spanish for comprehension of events taking place would not be sufficiently credible to bring before a jury. Accordingly, such testimony from Mr. Hemenway will not be admitted at trial." The government filed a motion to reconsider the ruling of the trial court. On February 18, 1981, the district court denied the government's motion for reconsideration and maintained its earlier ruling. This appeal by the government followed.

■ Rule 601 of the Federal Rules of Evidence is the general rule relating to the competency of a witness to testify. It states in pertinent part that "every person is competent to be a witness except as otherwise provided in these rules." Rule 602 provides that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." The offer of the testimony of Hemenway as to his understanding of the conversation and events which took place is certainly within his personal knowledge of the matter at issue since he was present during the conversations. Hemenway is not being offered as an expert in interpretation and the rules of evidence pertaining to expert witnesses are not applicable here. A witness is competent to testify if he is capable of communicating relevant material and understands he has an obligation to do so.

■ Credibility of witnesses is normally a question for the jury to determine. See *United States v. Jackson*, 576 F.2d 46 (5th Cir. 1978). In *United States v. Cipriano*, 493 F.2d 26 (5th Cir. 1974), this court stated:

> As a single point on appeal from this cocaine conviction, defendant claims prejudicial error in allowing a Spanish speaking rebuttal witness, who used an interpreter, to testify to English conversations between defendant and a Government

agent. All parties to the conversations testified, including the defendant. The evidence reveals that the witness understood some English and testified that he could understand a little of the conversations. He does not appear to have testified to any more than he understood. We perceive no error in the ruling that the witness' language difficulties went to the weight to be accorded his testimony and did not render his testimony incompetent as a matter of law. The matter was properly submitted for jury determination.

*Id.* at 26.

In the present situation, the credibility of the witness' testimony as to Spanish conversations with the defendant Villalta is subject to cross-examination as to his ability to understand Spanish. The opinion of the expert witness as to that ability will also be presented to the jury.

Finally, the jury will be able to consider independent evidence of Hemenway's ability to understand Spanish in the form of the two tape-recorded conversations between the undercover agents, Hemenway and Villalta wherein the translations can be compared to the actual conversations in Spanish between the witness and the defendant.

Accordingly, we think that the district court was in error in holding that the witness was not competent to testify and we reverse the decision of the district court to that effect.

REVERSED.